UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   22-mj-02671-McAliley

UNITED STATES OF AMERICA

v.

ALBERTO ACOSTA,

    Material Witness.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   No

                                        Respectfully submitted,
                                        JUAN ANTONIO GONZALEZ
                                        UNITED STATES ATTORNEY

                    BY:    /s/ Lauren A. Astigarraga
                           LAUREN A. ASTIGARRAGA
                           ASSISTANT UNITED STATES ATTORNEY
                           Florida Bar No. 0119473
                           99 Northeast 4th Street
                           Miami, Florida 33132-2111
                           Tel: (305) 961-9105
                           Lauren.Astigarraga@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>ALBERTO ACOSTA,<br><br>Material Witnesses. | Case No. ~~21-cr-20418-RK~~<br>22-mj-02671-McAliley |

## MATERIAL WITNESS COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 1, 2022__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 3144 | Being a material witness in a criminal proceeding, whose presence may become impracticable to secure by subpeona, and therefore whose presence is required at a deposition. |

This material witness complaint is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

_____
Complainant's signature

Conor Steven Goepel, Special Agent, FBI
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Facetime.

Date: __April 21, 2022__

_____
Judge's signature

City and state: __Miami, Florida__    Hon. Chris M. McAliley, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Conor Steven Goepel, being duly sworn, depose and state as follows:

### INTRODUCTION

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been so employed since September 26, 2021. I am currently assigned to the FBI Miami Division, West Palm Beach Resident Agency (RA), where I am assigned to work on the Joint Terrorism Task Force (JTTF). I am responsible for conducting investigations regarding violations of federal laws, particularly those laws found in Titles 18 and 21 of the United States Code. Prior to becoming a Special Agent with the FBI, I was an Infantry Officer in the United States Marine Corps.

2. I am familiar with the facts and circumstances surrounding this investigation from my own investigative efforts, as well as from information obtained from other law enforcement officers with personal knowledge of the evidence and activities described herein. Although I am familiar with the facts and circumstances of this investigation, I have not included each and every fact known to me about the matters set forth herein, but only those facts that I believe are necessary to establish probable cause that the testimony of witnesses. Alberto Acosta is material to the prosecution of Rolex Bryan Bruno in *United States v. Rolex Bryan Bruno*, Case No. 21-cr-20418-JLK.

3. Rolex Bryan Bruno is charged by indictment with carjacking, in violation of Title 18, United States Code, Section 2119, and brandishing a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## PROBABLE CAUSE

1.      On or about August 20, 2019, members of the Miami Gardens Police Department responded to a scene in Miami, Florida, in reference to an armed carjacking.

2.      Upon arrival, officers made contact with D.C., who advised that he and Alberto Acosta, who is D.C.'s little brother, were seated inside his vehicle, a 2005 silver Buick bearing Florida tag number JUTH72 (the "Vehicle"), which was parked on the corner of NW W Bunche Park Dr and NW 23rd Ave, located in Miami-Dade County, Florida. D.C. told law enforcement that he was seated in the driver's seat and ACOSTA was seated in the front passenger's seat. D.C. stated that he was waiting at the Scene to buy marijuana from someone ("Suspect 2").

3.      While he was sitting in the Vehicle, the victims saw two men walking towards the Vehicle: BRUNO and Suspect 2.

4.      BRUNO approached the driver's side of the Vehicle and Suspect 2 approached the passenger's side. BRUNO brandished a black handgun and pointed the firearm at ACOSTA and stated, "give me both of your phones or I am going to shoot your brother." When the victims did not immediately produce their phones, BRUNO grew impatient and charged[1] the gun. When BRUNO charged the gun, a live round of ammunition was ejected from the firearm. BRUNO then reached down to the ground and tried to pick up the bullet. D.C. took this opportunity to attempt to fight back and escape. BRUNO chased after D.C. A physical struggle ensued. While D.C. and BRUNO were fighting, Suspect 2 and ACOSTA also began fighting.

5.      BRUNO regained control of the firearm, pointed the gun at D.C., and then pistol-whipped him across the head. The struggle between BRUNO and D.C. continued. At some point

---

[1] "Charging" a gun is when a person grips the slide of a gun and pulls it all the way back and releases the slide. Such action is frequently taken to show a gun is loaded.

2

during the struggle and while BRUNO was in possession of the firearm, a round was fired from the gun.

6. Upon hearing the sound of the shot go off, both victims stopped fighting the two perpetrators. At that point, BRUNO again pointed the gun at the victims and told them "not to try anything." BRUNO then ran back to the Vehicle and got into the driver's side, Suspect 2 got into the passenger's side of the Vehicle, and both men fled the scene in the Vehicle.

7. Immediately after the incident, law enforcement interviewed the victims, including ACOSTA. As reflected in the police reports, ACOSTA recounted the events of the armed carjacking to law enforcement as described above.

8. During the interview with D.C., law enforcement noticed that D.C. had blood on his shorts. Law enforcement collected deoxyribonucleic acid ("DNA") swabs from the blood found on D.C.'s shorts. Law enforcement later received a final Combined DNA Index System ("CODIS") Match Resolution Report relating to the DNA swabs taken from the blood found on D.C.'s shorts. This report revealed a positive DNA match for BRUNO.

9. Law enforcement recovered the Vehicle a short time later. Law enforcement searched the Vehicle and attempted to collect fingerprints from various areas on the Vehicle, including but not limited to, the exterior of the driver's side door. Law enforcement submitted these fingerprints for comparison and later received a final latent print comparison report, identifying one of the fingerprints collected from the exterior driver's side door of the Vehicle, as belonging to BRUNO.

4. On August 5, 2021, BRUNO was charged by Indictment in the Southern District of Florida with carjacking, in violation of Title 18, United States Code, Section 2119, and brandishing a firearm in furtherance of a crime of violence, in violation of Title 18, United States

3

Code, Section 924(c)(1)(A)(ii). BRUNO was arrested on July 2, 2021. Trial is currently set for April 25, 2022.

5. On or about April 1, 2022, the government attempted to serve ACOSTA at the address that ACOSTA provided to law enforcement at the time of the August 20, 2019 incident. ACOSTA's grandmother was served with the subpoena and indicated that she would give the subpoena to him. From on or about April 1, 2022, through on or about April 19, 2022, law enforcement has attempted to contact ACOSTA numerous times, however, he has refused to answer all calls from law enforcement. Law enforcement believes that ACOSTA is receiving these calls because his father instructed law enforcement to stop "calling my son."

6. On April 19, 2022, law enforcement communicated with ACOSTA's father who indicated that ACOSTA would not testify in the case against BRUNO, stating that it would amount to "little snitch sh*t." Law enforcement explained that ACOSTA was under court order to appear for BRUNO's trial and that he was required to appear. ACOSTA's father stated, "do what you have to do. If you can find him." Law enforcement also spoke to D.C., ACOSTA's brother. D.C. indicated that ACOSTA stated he did "not care if was arrested," he would not appear in the case if called to testify at trial.

## CONCLUSION

7. Based on the foregoing facts, ACOSTA's testimony is material to the prosecution of this case. I submit that probable cause exists to believe that the witness' refusal to come to court makes it impractical to secure his presence by subpoena for trial in the prosecution of BRUNO in *United States v. Bruno*, Case No. 21-cr-20418-JLK. Therefore, his arrest and subsequent detention is necessary to preserve their testimony pursuant to Title 18, United States Code, Section 3144.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Conor Steven Goepel
Special Agent
FBI

Attested to by the Affiant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime, this __21st__ day of April 2022.

HONORABLE CHRIS M. MCALILEY
UNITED STATES MAGISTRATE JUDGE